United States District Court
Southern District of Texas
ENTERED

OCT 0 8 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| NOEL GONZALEZ, RUDY MOLINA ENRIQUE MENDIOLA, and HILARIO ACEVEDO, Plaintiffs | § § § § § | |
| vs. | § § | CIVIL ACTION NO. B-98-028 |
| SUPREME COURT OF TEXAS, CHIEF JUSTICE THOMAS R. PHILLIPS; JUSTICES RAUL A. GONZALEZ; NATHAN I. HECHT; DEBORAH G. HANKINSON; CRAIG ENOCH; ROSE SPECTOR; PRISCILLA R. OWEN; JAMES A. BAKER; GREG ABBOTT; in their individual and official capacities; DAN MORALES, Attorney General of Texas, individually and in his official capacity; BOARD OF LAW EXAMINERS OF TEXAS; RACHAEL MARTIN, Executive Director of Texas Board of Law Examiners; individually an in their official capacities Defendants | § § § § § § § § § § § § § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 19) Plaintiffs filed their Motion to Strike Defendants' Motion to Dismiss (Docket No. 22) and a Response to Defendants' Motion to Dismiss. (Docket No. 25). On October 6, 1998, Plaintiffs' Motion to Strike Defendants' Motion to Dismiss was denied. A hearing was held on October 1, 1998.

For the reasons set forth below, Defendants' Motion to Dismiss should be granted.

## BACKGROUND

Plaintiffs Noel Gonzalez, Rudy Molina, Enrique Mendiola, and Hilario Acevedo ("Plaintiffs") bring this suit as a result of the Texas Supreme Court's ("supreme court") denial of their applications for admission into the Texas State Bar.[1] (Docket No. 1, p. 4 ). In denying them admission, the Plaintiffs allege that the Defendants violated the Sherman Anti-Trust Act, 15 U.S.C. §§ 1 & 2. (Docket No. 1, p. 5). Specifically, they claim that the procedure the Texas Board of Law Examiners ("the Board") implemented from 1974 to 1993 to grade and score the bar exam was not approved by the Texas Supreme Court. (Docket No. 1, p. 5). As a result, Plaintiffs claim they were denied the right to have their applications for admission governed by rules approved by the Supreme Court and instead were subjected to a scoring system aimed at reducing the number of attorneys practicing law in violation of the Sherman Anti-Trust Act. (Docket No. 1, p. 5).

## DISCUSSION AND RECOMMENDATION

"The starting point in any analysis involving the state-action doctrine is the reasoning of *Parker v. Brown*, 317 U.S. 341 (1943)." *Hoover v. Rowin*, 466 U.S. 558, 567 (1984) In *Parker*, the Supreme Court determined that when a state legislature adopts legislation, its actions constitute those of the State, and ipso facto are exempt from the operation of the anti-trust laws. *Parker*, 317 U.S. at 351. The Court subsequently extended the *Parker* doctrine to exempt state supreme courts, acting legislatively rather than judicially, from Sherman Act liability. *Bates v. State Bar of Arizona*, 568 U.S. 558, 568 (1984). In *Hoover v. Rowin*, 466 U.S. 558 (1984), the Court declared that bar examination committees acting under the authority of state supreme

---

[1] Plaintiffs have taken a haphazard approach in presenting their facts. Absent from the Complaint and subsequent motions, is any mention of the date(s) they sat for the bar exam.

courts were also exempt from Sherman Act liability under the *Parker* state-action doctrine.

Plaintiffs allege that the Defendants' denial of their applications for admission is not state action, and as a consequence is not immune from Sherman Act anti-trust claims. (Docket No. 1, p.5). Plaintiffs contention is that the supreme court's denial of their applications[2] is based on a scoring system established by the Board and never approved by the supreme court as required by statute. (Docket No.1, p.5-6). Plaintiffs claim that because the supreme court based its denial of their application for admission to the Texas Bar on a non-approved grading formula its actions are not "state action." (Docket No.1, p.5-6). Following this line of reasoning, Plaintiffs contend the Defendants are not exempt from Sherman Act anti-trust claims under the *Parker* doctrine. (Docket No.1, p.5-6).

The actions of the Board of Law Examiners are, in reality, that of the Texas Supreme Court. *Hoover*, 466 U.S. at 573. "The case turns on the narrow and specific issue: who denied [Plaintiffs] admission into the [Texas] Bar?" *Id.* 581. The actions of the Board of Law Examiners cannot be divorced from the supreme court's exercise of its sovereign powers. *Id.* at 570. The Texas Supreme Court is the real party in interest. *Bates v. State Bar of Arizona*, 433 U.S. 350, 360. The Board of Law Examiners administers the exam and determines the eligibility of the candidates, but the supreme court retains strict supervisory powers and ultimate full authority over the Board's actions. Tex. Gov't Code Ann. § 82.004 (Vernon 1988) After administering the exam, the Board's authority is limited to making recommendations to the supreme court. Tex. Gov't Code Ann. § 82.004 (Vernon 1988). Given that its role is completely defined by the court, the Board acts as the agent of the court under its continuous

---

[2]Plaintiffs readily admit that it was the supreme court, not the Board of Law Examiners, who denied them admission to the bar. (Docket No. 1, p.5).

supervision. *Bates*, 433 U.S. at 360. The court itself makes the final decision to grant or deny admission to practice. Tex. Gov't Code Ann. § 82.021 (Vernon 1988).

The critical action in this case was the court's decision to deny Plaintiff admission to the bar. *Hoover*, 466 U.S. at 578, n. 30. In section 82.021 of the Texas Government Code, the legislature carefully reserves to the supreme court the authority to make the decision over admission to the bar. It is that decision that is the critical state action here. *Hoover*, 466 U.S. at 578. Although the supreme court delegated the administration of the Bar exam to the Board, the court itself retained the sole authority to determine who should be admitted to the practice of law in Texas. The cases of *Parker* and *Bates* unmistakably hold that, where the action complained of--here the failure to admit Plaintiffs' to the bar--was that of the state itself, the action is exempt form antitrust liability regardless of the State's motive in taking the action. *Id.* at 579-80.

The Plaintiffs' reliance on *Goldfarb v. Virginia State Bar*, 421 U.S. 773 (1975), which held that minimum fee schedules violated the anti-trust laws, is misplaced. In *Goldfarb,* state law did not set lawyers' fees nor did the Virginia Supreme Court Rules establish fee schedules. To the contrary, the Virginia Supreme Court "directed lawyers not 'to be controlled' by fee schedules." *Goldfarb,* 421 U.S. at 789. There was no "state action" in setting fees. *Id* at 790.

The Texas Supreme Court, the Board of Law Examiners, and the individuals who comprise them are exempt from Sherman anti-trust liability as their actions are those of the state. IT IS THEREFORE **RECOMMENDED** that Defendant's Motion to Dismiss should be **DENIED** pursuant to Fed. R. Civ. P. 12(b)(6).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 7th day of October, 1998.

_____
John Wm. Black
United States Magistrate Judge